**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**UTICA DIVISION**

| | | |
|---|---|---|
| ROGER DAVIS | ) | Case No. <u>6:11-CV-0642 (GTS</u>/DEP) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| INTEGRITY FINANCIAL PARTNERS, | ) | **Jury Trial Demanded** |
| INC. AND ADAM T. LAZARUS | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendants transact business in this State and this district.

## PARTIES

4.      Plaintiff, Roger Davis ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Oneida, and City of Utica.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Integrity Financial Partners, Inc. ("IFP") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Defendant, Adam T. Lazarus ("Lazarus") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8.      "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

9.      Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see   Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah

1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995);

*Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

10.     Integrity Financial Partners, Inc. and Adam T. Lazarus ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

12.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

13.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14.     Within one (1) year preceding the date of this Complaint, Defendants made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

15.     Within one (1) year preceding the date of this Complaint, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from

Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

16.     In connection with collection of an alleged debt, Defendants contacted Plaintiff via cellular telephone call on March 2, 2011 at 10:25 P.M., a time it knew to be inconvenient for Plaintiff.  (15 U.S.C. §§ 1692c(a)(1)).

17.     Defendants, in connection with collection of an alleged debt, caused Plaintiff's telephone to ring continuously and repeatedly including, but not limited to, placing as many as six (6) calls to Plaintiff's cellular telephone within one day, and placing no fewer than forty-three (43) calls to Plaintiff's cellular telephone between February 28, 2011 and March 9, 2011 with the intent to harass, annoy and abuse Plaintiff. (15 U.S.C. § 1692d(5)).

18.     Defendants, in connection with collection of an alleged debt, disguised the telephone calls it placed to Plaintiff's cellular telephone to appear as if they were placed from area code 919, the same area code as Plaintiff's telephone number, a misrepresentation of the origin of the calls intended to inveigle Plaintiff for the purpose of communicating with a debt collector, an unfair and unconscionable means utilized in connection with the collection of a debt.  (15 U.S.C. §§ 1692e(10), 1692f).

19.     Defendants placed no fewer than forty-three (43) non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system, including, but not limited to, calls on:

February 28, 2011 @ 3:43 P.M., 7:48 P.M., 8:18 P.M.

March 1, 2011 @ 9:21 A.M., 6:05 P.M., 8:21 P.M.

March 2, 2011 @ 8:37 A.M., 3:44 P.M., 5:15 P.M., 6:48 P.M., 8:23 P.M.,

10:25 P.M.

March 3, 2011 @ 8:25 A.M., 9:47 A.M., 11:09 A.M., 12:11 P.M., 1:25 P.M.,

4:07 P.M.

March 4, 2011 @ 10:32 A.M., 2:29 P.M.

March 5, 2011 @ 8:26 A.M., 11:16 A.M., 3:48 P.M.

March 6, 2011 @ 8:34 A.M., 11:30 A.M., 2:31 P.M., 3:50 P.M.

March 7, 2011 @ 10:41 A.M., 12:26 P.M., 2:18 P.M., 3:31 P.M., 6:41 P.M.

March 8, 2011 @ 9:33 A.M., 11:03 A.M., 12:51 P.M., 2:00 P.M., 2:53 P.M.

March 9, 2011 @ 8:49 A.M., 11:28 A.M., 1:01 P.M., 2:17 P.M., 3:20 P.M.,

4:29 P.M.

 (47 U.S.C. 227(b)(1)(A)(iii)).

20.     Defendants' actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## DEFENDANT IFP

21.     Plaintiff repeats and re-alleges each and every allegation contained above.

22.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated the FDCPA;

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT LAZARUS

23.   Plaintiff repeats and re-alleges each and every allegation contained above.

24.   Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated the FDCPA;

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT IFP

25.   Plaintiff repeats and re-alleges each and every allegation contained above.

26.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated  47 U.S.C. § 227(b)(1)(A)(iii);

   b)  Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

   c)  Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

   d)  Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

   e)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   f)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

**TRIAL BY JURY**

27.    Plaintiff is entitled to and hereby demands a trial by jury.


This 8th day of June, 2010.

ATTORNEYS FOR PLAINTIFF
*Roger Davis*

Respectfully submitted,

s/Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100

Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Please send correspondence to the address below***

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012